

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable E. L. Hinson, Jr.
County Auditor
Polk County
Livingston, Texas

Dear Sir:

Opinion No. 0-6369
Re: Whether the Commissioners'
Court should purchase var-
ious supplies for the use
of the county, its officers,
departments, etc. on competi-
tive bids?
And a related matter.

Your letter of January 9, 1945, requesting the opinion of this Department on the questions stated therein is, in part, as follows:

"Under Art. 1659, Texas Statutes, is it manda-tory of the Commissioners Court to purchase supplies for every kind, as Road & Bridge material, or any other material for the use of the county or any of its officers, departments or institutions, on compet-itive bids.

"Has the County Auditor the authority to disap-prove bills, claims or accounts against the county unless said bills, claims or accounts were purchased on competitive bids."

We direct your attention to the following statutes pertaining to the purchase of various supplies on competitive bids, Road & Bridge materials, projects respecting public

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable E. L. Hinson, Jr., Page 2

improvements, and other materials. These statutes are Articles 1658, 1659, 2368a, 3899, 3899b, and 2358-2367, inclusive, Vernon's Annotated Civil Statutes. Heretofore, this Department has rendered several opinions, construing the foregoing statutes and answering questions similar to the questions presented in your inquiry. We call your attention to our Opinions No. 0-770, 0-1591, 0-1597, 0-1753, and 0-3401, and enclose copies of these opinions for your convenience.

For the purposes of this opinion, we deem it unnecessary to quote the foregoing statutes or discuss them at length as they are quoted and fully discussed in the foregoing opinions.

Article 1659 authorizes emergency purchases. It is our opinion that the emergency purchases allowable would be only in such amount as would be necessary to meet the needs of the county, or of an individual officer, during the time necessarily involved in the purchase of such supplies in conformity with the statutory requirements. In no event can such emergency purchase exceed the sum of One Hundred Fifty Dollars ($150.00). Emergency purchases are not required to be made on competitive bids. With the exception of emergency purchases, it is our opinion that both of the questions stated in your letter should be answered in the affirmative and are so answered. Article 1661, Vernon's Annotated Civil Statutes, provides:

"He shall not audit or approve any such claim
unless it has been contracted as provided by law.
. . ."

The questions submitted in your inquiry are very broad and general in their terms, and we believe that the enclosed opinions answer these questions; and the specific answers given your questions in this opinion are based on said opinions and the authorities cited therein. If you have any specific question on which you desire our opinion, when the same is presented to us with all the facts in connection therewith, we will be glad to give such request our further consideration.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW/JCP
ENC. 5

APPROVE
OPINION
COMMITT